IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| John Vincent Hyland, Jr., | : | |
| Petitioner/Defendant, | : | Civil Action No. 12-647-WS |
| v. | : | Criminal No. 10-297-WS-C |
| United States of America, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The petitioner, John Vincent Hyland, Jr., a federal prison inmate[1] proceeding *pro se*, filed a timely motion to vacate, set aside, or correct his sentence and brief in support (Doc. 96) pursuant to 28 U.S.C. § 2255.[2]  Pursuant to the Court's order (Doc. 97), the United States has filed a response in opposition (Doc. 98).  But Hyland failed to file a reply in support of his petition.

This action is now before the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  And it is **RECOMMENDED** that Hyland's § 2255 petition be **DENIED** and the Court find that Hyland is not entitled to a certificate of appealability and therefore is not entitled to appeal *in forma pauperis*.

### I.    The Underlying Criminal Case

"In 1993, [Hyland] was convicted in a Michigan state court of first degree criminal sexual assault and required under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, to register as a sex offender."  *United*

---

[1] Hyland was serving his sentence at FCI Coleman, FL when he filed this petition. But he was released from the Bureau of Prisons on April 17, 2013.  On April 19, 2013, the Chicago police department contacted Probation in this District to advise that Hyland was in custody.  He has subsequently made an appearance in this District on a petition to revoke his supervised release and, as of the entry of this report and recommendation, is in the custody of the Marshal for this District.

[2] The motion was initially filed in the Middle District of Florida on September 24, 2012, but was ordered transferred to this Court, "the court which imposed the sentence[,]" 28 U.S.C. § 2255, on October 9, 2012.  (*See* Doc. 96-2).

*States v. Hyland*, 477 Fed. App'x 713, 714 (11th Cir. July 2, 2012) (per curiam). "On April 1, 2011, a [jury in this District] found [him] guilty of failing to register as a sex offender under SORNA, in violation of 18 U.S.C. § 2250. On July 29, 2011, [Chief Judge Steele] sentenced Hyland to a prison term of 33 months and a life term of supervised release." *Id.* Hyland directly appealed his conviction, raising a single issue: "whether the district court abused its discretion in allowing the prosecutor to question him on cross-examination regarding the details of his 1993 conviction." *Id.* And the Eleventh Circuit affirmed his conviction after finding "no abuse of discretion [because] Hyland [ ] open[ed] the door to the challenged examination." *Id.* at 714-15 ("It was a risk he took when he launched an attack on the integrity of the Michigan conviction and thereby called into question the essential element of the SORNA offense, his duty to register.")

## II.     Collateral Attack

Hyland has filed a confusing, almost unintelligible, motion.

First, while the motion is styled as one pursuant to § 2255 and it does appear that Hyland is challenging the validity of his conviction (*see* Doc. 96 at 1-13), attached to the motion are various "Inmate Request to Staff" forms. These may simply be used as "paper" to support his § 2255 claims, but to the extent he is challenging the execution of his sentence—"*i.e.,* how [his] sentence is calculated and carried out by the Bureau of Prisons"—such a challenge "must be raised in a § 2241 petition, brought against the custodian of the institution where the defendant is incarcerated [and] in the judicial district where the defendant is incarcerated." *United States v. Zwick*, Criminal No. 07–425; Civil No. 10–1449, 2011 WL 666182, at *6 (W.D. Pa. Feb. 14, 2011) (internal citations and footnote omitted).

Aside from any potential § 2241 issue, it appears that Hyland has raised two § 2255 claims. He first challenges the constitutionality of his conviction (*see, e.g.,* Doc. 96

2

at 4 (Ground One: "*Ex Post Facto* and Definition of 'Day'"); 5 (Ground Two: " . . . SORNA (SORNA Unconst.) . . . 'Double Jeopardy' . . . "); and 7 (Ground Three: "Constitution")). It also appears that he has raised a claim of ineffective assistance of trial counsel. (*See id.* at 12.)

A.   **Constitutional Claims**

Liberally construing his petition, the Court has discerned that Hyland is attacking his SORNA conviction as a Constitutional issue on *ex post facto* and double jeopardy grounds. (*See id.* at 4-6, 8, 11.) But, unfortunately for Hyland, the Eleventh Circuit has already rejected these arguments. *See United States v. W.B.H.*, 664 F.3d 848, 860 (11th Cir. 2011) ("[W]hen it enacted SORNA Congress did not intend to impose additional punishment for past sex offenses but instead wanted to put into place a civil and non-punitive regulatory scheme."); *United States v. Ambert*, 561 F.3d 1202, 1208-15 (11th Cir. 2009) (against an inventory of constitutional challenges, affirming "that §§ 16913 and 2250 of [SORNA] are constitutional both facially and as applied"); *accord United States v. Brown*, 586 F.3d 1342, 1351 (11th Cir. 2009).

Moreover, this Court has already explicitly rejected Hyland's *ex post facto* argument. In denying his motion to dismiss the indictment, Chief Judge Steele explained:

> Defendant's *ex post facto* argument is unambiguously foreclosed by binding precedent. The critical point that Hyland overlooks is that § 2250(a) neither criminalizes his 1993 conviction of a sex offense nor increases his punishment for that offense. That previous conviction, in and of itself, does not violate SORNA. Rather, the federal criminal offense of which Hyland was indicted and convicted in this case was his conduct of (a) traveling in interstate commerce in November 2010 following the 1993 sex offense conviction, and (b) failing to update his registration in November 2010 when required by SORNA to do so.
>
> As the Supreme Court has explained, "[t]he act of travel by a convicted sex offender may serve as a jurisdictional predicate for § 2250, but it is also, like the act of possession, the very conduct at which Congress took

3

> aim." *Carr v. United States*, 560 U.S. 438, 130 S. Ct. 2229, 2240, (2010); *see also United States v. Beasley*, 636 F.3d 1327, 1329 (11th Cir. 2011) ("a defendant violates § 2250(a) only if he becomes subject to SORNA's registration requirements . . . and thereafter travels and then fails to register") (citation and internal punctuation omitted); *United States v. Brown*, 586 F.3d 1342, 1348 (11th Cir.2009) ("If a convicted sex offender travels in interstate or foreign commerce and knowingly fails to register as required by SORNA, he has violated" § 2250(a)). Hyland's criminal conduct (i.e., his interstate travel and subsequent failure to register) occurred in November 2010, not in 1993 or at any other time predating SORNA's enactment. As such, his *ex post facto* argument is baseless. The indictment and conviction in this case are for Hyland's conduct in November 2010, not for anything he did or failed to do in 1993. Likewise, the sentence that Hyland will receive in the case is not an increased punishment for the sex offense of which he was convicted in Michigan in the early 1990s. Rather, his sentence in this case will be for his criminal acts and omissions in November 2010, when he traveled in interstate commerce and moved his residence from Michigan to Alabama, without updating his SORNA registration in a timely manner, despite his legal obligation to do so. These circumstances do not implicate ex post facto principles in any way, shape or form.

*United States v. Hyland*, Criminal No. 10–0297–WS, 2011 WL 1380056, at *2 (S.D. Ala. Apr. 12, 2011) (internal citations modified). As such, his constitutional claims fail.

### B.   Ineffective Assistance of Counsel Claim

To establish a claim of ineffective assistance of counsel, Hyland is required to show (1) that his attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *See generally Strickland v. Washington*, 466 U.S. 668 (1984). He "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied sub nom. Johnson v. Nagle*, 535 U.S. 926 (2002); *accord Cooper v. Secretary, Dep't of Corrs.*, 646 F.3d 1328, 1351 (11th Cir. 2011).

To succeed on such a claim, Hyland "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was

4

not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. And "[w]hen analyzing ineffective-assistance claims, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (citations omitted). As the Supreme Court recently explained,

> "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S. Ct. 1473, 1485 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689–90. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Id.* at 690.

*Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770, 788 (2011) (some internal citations modified or omitted).

When applying the *Strickland* standard, it is clear, moreover, that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), *cert. denied sub nom. Oats v. Moore*, 527 U.S. 1008 (1999); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

Again, liberally construing his petition, it appears that Hyland contends his trial counsel, Neil Hanley, was ineffective because Mr. Hanley failed to pursue Hyland's theory that his time in Alabama fell within the seven-day grace period for sex offender

5

registration under the former Alabama registration act.  (*See* Doc. 96 at 3, 5, 9, 13.) While it does not appear that the the-applicable Alabama statute operated the way Hyland wishes it did, *see* ALA. CODE § 13A-11-200(c),[3] because Hyland traveled interstate,[4] the federal statute controls.  *See, e.g., Ambert*, 561 F.3d at 1205 (SORNA "was designed 'to track the interstate movement of sex offenders.'") (quoting *United States v. Howell*, 55 F.3d 709, 716 (8th Cir. 2009).  And 42 U.S.C. § 16913(c) allows up to three business days for a sex offender to provide registration information.

Hyland, clearly, has ***not*** shown that Mr. Hanley's representation of him in this Court "amounted to incompetence under 'prevailing professional norms[.]'" *Harrington*, 131 S. Ct. at 788 (2011) (quoting *Strickland*, 466 U.S. at 690).  As such, his ineffective assistance of counsel claim fails.

### III.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of

---

[3]   Hyland's theory appears to be that, because he traveled to Mississippi on some of the days following his move to Alabama, his time in Mississippi should be excluded from Alabama's seven-day grace period.  Alabama's former sex offender registration act (repealed as of July 11, 2011) would have controlled if Hyland had been prosecuted in state court, and the Court can find no support for Hyland's interpretation of the registration requirements under that act.

[4]   The last place Hyland was incompliance with registration laws was Michigan; he never registered in Alabama.  After determining that Hyland had been in Alabama longer than the seven-day grace period allowed under § 13A-11-200, a Fairhope police department investigator arrested Hyland for a state violation.  However, because Hyland crossed state lines, his case was referred to the United States Marshal for federal prosecution.

appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

The petitioner is not entitled to a certificate of appealability on his claims. When, as is the case here, a habeas petition is being denied entirely on the merits of an underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack*, 529 U.S. at 484; *see also id.* at 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"). With respect to the petitioner's claims, the undersigned recommends that the Court find that reasonable jurists could not debate whether his § 2255 motion to vacate should be resolved in a different manner or that any of the remaining issue presented is adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability as to this claim.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation, the objecting party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, No. CA 11–0165–WS–C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011) (the Eleventh Circuit (Hull, J.) subsequently denied the

petitioner's motion for certificate of appealability on October 11, 2011 (*see* Doc. 14 in CA 11–0165–WS–C)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## IV.   Conclusion

Because the Magistrate Judge is of the opinion that his constitutional claims are foreclosed as a matter of law and that, as to his ineffective-assistance-of counsel claim, Hyland has not shown that his rights were violated, it is **RECOMMENDED** that the motion be **DENIED**. The Magistrate Judge **FURTHER RECOMMENDS** that the Court find that Hyland is not entitled to a certificate of appealability and therefore is not entitled to appeal *in forma pauperis*.

## V.   Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of June, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**